# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| SHANNON WEST, ET AL., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 2:10-CV-04181-NKL |
| A & S HELICOPTERS, ET AL., | ) |
| Defendants. | ) |

**ORDER**

Following a May 2008 helicopter crash in Camden County, Missouri, Plaintiffs Shannon West, Cynthia Wright, and Anna Catherine Bierman ("Plaintiffs") brought Missouri state-law tort claims against Defendants A & S Helicopters, Helicopter Technology Company, Limited Partnership, and MD Helicopters, Inc. ("MD Helicopters"), in the Circuit Court of Camden County. Mr. West and Ms. Wright sued MD Helicopters for the wrongful death of their son, Zachary West, who died in the crash. Ms. Bierman, a fellow passenger, suffered from physical and emotional injuries after the crash. MD Helicopters alleges that Plaintiffs' negligence claim against it raises substantial and disputed issues of federal law and challenges MD Helicopters' actions when it acted under the direction of a federal officer. MD Helicopters filed a timely notice to remove the case to this Court pursuant to the Court's original jurisdiction, 28 U.S.C. § 1441, and the Federal Officer Removal Statute, § 1442. Pending before the Court is Plaintiffs' motion to remand to the state forum, pursuant to 28

1

U.S.C. § 1447(c), on the grounds that the Court lacks subject-matter jurisdiction. [Doc. # 13]. For the following reasons, the Court grants the Motion.

I.   **Background**

The following facts are taken from Plaintiffs' Complaint [Doc. # 1-3] and are assumed true for purposes of this motion to remand.

Defendant MD Helicopters is a corporation, organized and existing in accordance with the laws of the State of Arizona. It is the "type certificate holder" for the MD Helicopter 500, model 369E, meaning that it had applied for and obtained a "type certificate" from the Federal Aviation Administration ("FAA"). As the type certificate holder, MD Helicopters was permitted to manufacture model 369E helicopters. *See* 14 C.F.R. § 21.6 (listing necessary criteria for permission to manufacture aircraft).

The helicopter carrying Zachary West and Ms. Bierman, identified by its tail number N686F (hereinafter "N686F Helicopter"), was an MD Helicopter 500, model 369E – the same type that MD Helicopters was certified to manufacture. The N686F Helicopter crashed on May 2008 due to a loss of tail rotor control. In its Complaint, Plaintiffs allege the following:

> Defendant [MD Helicopters] owed a duty, as the type certificate holder for MD500 369E aircraft, to provide instructions for continued airworthiness for all the fleet, including, N686F.
> Defendant [MD Helicopters] was negligent and careless and breached its duty to owners of MD500 369E aircraft by failing to support the aircraft including, the failure to provide applicable maintenance and service information and other instructions for continued airworthiness.
> Defendant [MD Helicopters] breached its duty under the [Federal Aviation Regulations] as the type certificate holder to provide instructions for

> continued airworthiness.
>
> Defendant [MD Helicopters], further negligently and carelessly supplied replacement tail rotor strap pack, tail rotor hub, tail rotor hub bolt, and other tail rotor component parts for N686F which were un-airworthy, defective and unreasonably dangerous.
>
> Said negligence of Defendant [MD Helicopters] caused or directly contributed to cause the death of Zachary West, the injuries and damages to Plaintiff Bierman, and the damages to Plaintiffs West and Wright [including loss of counsel, consortium, companionship and support, as well as money and wages, past and future, funeral and burial expenses and other economic loss including the property damage and total loss to N686F].

[Doc. ## 1-3, ¶¶ 24, 29-31]. Thus, Plaintiffs assert state-law negligence claims against MD Helicopters that incorporate federal standards in establishing Defendant's duties.

## II. Discussion

### A. Federal Question Removal Under 28 U.S.C. § 1441(b)

Title 28 U.S.C. § 1441(b) states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The main inquiry as to whether removal is appropriate under section 1441(b) is whether "the claim could have been brought in federal court" under federal question jurisdiction, 28 U.S.C. § 1331, which is "determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (citations omitted).

MD Helicopters asserts that Plaintiffs' claims are properly removed pursuant to the substantial federal question doctrine because Plaintiffs' state law claims allege violations of federal law, namely the Federal Aviation Regulations ("FAR"). In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 (1986), the United States Supreme Court stated that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817. Here, there is no private, federal cause of action for the violation of the FAR. *See Glovrigen v. Cirrus Design Corp.*, 2006 WL 399419, at *6 (D. Minn. Feb. 16, 2006) ("The FAA does not provide an express federal remedy for a violation of standard of care."); *In re Air Crash at Lexington, Kentucky, August 27, 2007*, 486 F. Supp. 2d 640, 656 (E.D. Ky. 2007) ("[T]he federal aviation statutes do not provide a private cause of action."). Indeed, MD Helicopters does not argue that the FAA creates a private cause of action.

The Supreme Court clarified its *Merrell Dow* ruling in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). The Court held that a state law claim may raise a federal question even when there is no private cause of action for the violation of the federal statute alleged. *Grable* established a two-part test to determine when such a claim would be deemed to "arise" under federal law. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved

4

balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. The Supreme Court, in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), gave further clarification to *Grable*, noting that it involved a "nearly 'pure issue of law ... that could be settled once and for all and therefore would govern numerous tax sale cases.' " *Id.* at 700 (quoting Hart and Wechsler, 65 (2005 Supp.)).

Defendant MD Helicopters argues that *Grable* requires the Court to find that Plaintiffs' Complaint places a substantial federal question in dispute because it alleges that the Defendants violated the Federal Aviation Regulations ("FAR"). They then contend that there is a need for uniform application of the FAR which is best done in the federal courts. They fail to address whether this will adversely impact the division of labor between state and federal courts.

To date, case law is contrary to the Defendant's position. *See Glorvigen v. Cirrus Design Corp.*, 2006 WL 399419 (D. Minn.2006); *Sullivan v. BNSF Ry. Co.*, 447 F. Supp. 2d 1092 (D. Ariz. 2006); *Connolly v. Union Pacific R.R. Co.*, 453 F. Supp. 2d 1104 (E.D. Mo. 2006); *Peters v. Union Pacific R.R. Co.*, 455 F. Supp. 2d 998 (W.D. Mo. 2006), *Gillenwater v. Burlington N. & Santa Fe Ry. Co.*, 481 F. Supp. 2d 998 (E.D. Mo. 2007) (citing *Peters*), and cases cited therein; *see also G.R. ex rel. Joyce v. Union Pacific R. R. Co.*, 2009 WL 3248213, at *4 (E.D. Mo. Oct. 6, 2009). Defendant attempts to distinguish these cases by asserting that these authorities dealt with "the application or interpretation of federal law . . . not in dispute." [Doc. #17, at 7]. Here, by contrast, according to MD Helicopters, "the parties do not agree on the application or meaning of the federal law at issue." [Doc. #17, at

7]. Specifically, Defendant contends that the meaning of "airworthiness" and the interpretation of the rights, duties, and obligations of a type certificate holder give rise to substantial and disputed issues of federal law. Notably, however, Defendant does not identify the contending definitions of "airworthiness" it states are at issue, or with which specific duties alleged by Plaintiffs it disagrees. It is unclear what "pure issue of law" Defendant wants a federal court, as opposed to a state court, to decide.

Yet, even if MD Helicopters is accurate in characterizing the dispute as one that raises substantial and disputed issues of federal law, that alone does not decide whether Plaintiffs' state-law claim can be removed to federal court. "Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." *Grable*, 545 U.S. at 314 (quoting *Merrell Dow*, 478 U.S. at 810). "[T]he federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313-14.

All aircraft, aircraft engine, and propeller manufacturers in the United States are "type certificate holders," as required by the FAR. *See* 14 C.F.R. Pt. 21. Thus, according to Defendant's reasoning, every aircraft crash litigation where the aircraft, engine, or propeller manufacturer is sued could be heard in federal court when plaintiffs question the

manufacturer's compliance with its duties as a type certificate holder. The same would be true for all cases questioning the airworthiness of the aircraft or its components. Unlike the rare quiet-title action in *Grable*, this "would move a whole category of suits to federal court" and upset the state-federal line drawn by Congress. *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 911 (7th Cir. 2007).

MD Helicopters relies heavily on *Scott v. Lance Aviation, Inc.*, No. 8:09-cv-986-T-33TBM (M.D. Fla., Aug. 18, 2010) to support removal of this case to a federal forum. *Scott* involved a helicopter crash and negligence claims similar to those raised by Plaintiffs in this case. The case's primary issue, however, was "whether [the defendant] had a legal duty to create manuals and other instructions for the continued airworthiness of the Subject Aircraft once it was purportedly converted to a civilian aircraft [from a military aircraft]." *Id.* at 6-7. The district court specifically found that "because of the very limited number of cases that involve this very nuanced issue, there is no danger of interfering with the balance of federal and state judicial responsibilities." *Id.* at 7 (citations omitted).

Here, unlike in *Grable* and *Scott*, there are no specific, limiting issues that would prevent a deluge of similar, traditionally state claims from being heard in federal court. This case is a negligence action that references federal law to establish the standard of care, but the focus of the dispute will be on whether there are sufficient facts to show that the standard of care has been violated, like the run of the mill tort cases that are traditionally heard in state courts. Because entertaining this suit in a federal forum based on federal question jurisdiction would disturb the "balance of federal and state judicial responsibilities," *Grable*,

545 U.S. at 314, this Court lacks federal question jurisdiction over Plaintiffs' negligence action against MD Helicopters. *See Merrell Dow*, 478 U.S. at 807.

### B. Federal Officer Removal Under 28 U.S.C. § 1442

The Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), allows removal to a federal forum of any civil or criminal action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." The statute has long been interpreted to require four elements: (1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between its actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a "person" within the meaning of the statute. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n.2 (8th Cir. 2007) (citing *Jefferson County v. Acker*, 527 U.S. 423, 430-31 (1999)). As to issue one, MD Helicopters appears to argue that it "acted under" the direction of a federal officer under the following theory: MD Helicopters' employees are an extension of itself and are the same legal entity. Because some of its employees carry out delegated functions assigned to them by the Federal Aviation Administrator and they thereby "act under" the direction of a federal officer, MD Helicopters likewise acts under the direction of that same federal officer.

Pursuant to federal law, the Federal Aviation Administrator appoints private individuals–including "designated engineering representatives" and "designated manufacturing inspection representatives" – to serve as "surrogates of the FAA in examining,

8

inspecting, and testing aircraft for purposes of certification." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 807 (1984). The federal government has delegated these tasks to private individuals since at least 1927 due to the Federal Aviation Agency's limited resources. *Establishment of Organization Designation Authorization Program*, 70 Fed. Reg. 59,932, 59,932 (Oct. 13, 2005).

Plaintiffs do not contest that some of MD Helicopters' employees also serve as FAA "designees" (hereinafter "employee-designees"). The lynchpin, however, of MD Helicopters' argument is not simply that some of its employees also carry out duties on behalf of the FAA. Rather, it is that when acting under the direction of the FAA, these employees are the same legal entity as MD Helicopters. Defendant points out that the district court in *Scott* granted removal based on similar facts pursuant to the Federal Officer Removal Statute. [Doc. # 17, at 9-10]; *see Scott*, at 3-4. However, the *Scott* court did not consider what was noted by both MD Helicopters [Doc. # 1, at 9] and the court in *Swanstrom v. Teledyne Cont'l Motors, Inc.*, 531 F. Supp. 2d 1325, 1333 (S.D. Ala. 2008): "[w]hen performing a delegated function, [FAA] designees are legally distinct from and act independent of the organizations that employ them." *Establishment of Organization Designation Authorization Program*, 70 Fed. Reg. at 59,933. Thus, when employee-designees act in their capacity as designees, they are not the same legal entity as MD Helicopters. As such, the actions of FAA designees–in their role as representatives of the Federal Aviation Administrator–cannot be imputed onto MD Helicopters even though those designees also act in a separate capacity as employees of MD Helicopters. Accordingly, even though an employee "acts under" the Federal Aviation

9

Administrator when carrying out designee duties, MD Helicopters is not considered to have acted under a federal officer or agency via this employee.

This conclusion is in accord with *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996).There, an FAA designee had been a party to the lawsuit. The court found that the designee "acted under" the Federal Aviation Administrator and thus removal of the entire suit to a federal forum was appropriate under the Federal Officer Removal Statute. *Id.* at 1428-29. Here, no FAA designee has been named or sued. MD Helicopters argues that this is "irrelevant," [Doc. #17, at 10], and that this Court ought to follow *Scott*'s lead in allowing federal officer removal based on an unnamed non-party designee. The Court declines to do so because, as previously discussed, the *Scott* court failed to consider that FAA designees and their employers are distinct legal entities. The court in *AIG Europe (UK) Ltd. v. McDonnell Douglas Corp.*, 2003 WL 257702 (C.D. Cal. Jan.28, 2003), a case upon which MD Helicopters relies, also failed to account for this distinction.

It is arguable that MD Helicopters also appears to assert that its employee-designees are "federal officers" for the purposes of the Federal Officer Removal Statute and therefore MD Helicopters "acts under" their direction when it supplies replacement tail rotor parts that underwent designee approval. Yet such action does not involve assistance to the designee by MD Helicopters in any way, which is required to satisfy the "acting under" element of the removal statute. *Isaacson v. D*ow *Chemical Co*., 517 F.3d 129, 137 (2d Cir. 2008) (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007) (A company "act[s] under" a federal officer when it "assist[s], or ... help[s] carry out, the duties or tasks of the

federal superior."). The Supreme Court unanimously held that even when a company's activities are regulated in "considerable detail," that is insufficient to bring the company within the Federal Officer Removal Statute. *Watson*, 551 U.S. at 145. Here, MD Helicopters does not assist FAA delegees in carrying out their duties. As the Supreme Court concluded in *Watson*, MD Helicopters' activities "sound[] to us like regulation, not delegation." *Watson*, 551 U.S. at 157. Moreover, because designees are often employees of aircraft manufacturers, *see United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. at 807, concluding otherwise in this case would render meaningless the Federal Aviation Agency's bright line rule that FAA designees are legally distinct from their employers.

Therefore, federal officer removal is inappropriate as MD Helicopters has failed to show that it "acts under" the direction of a federal officer.

## III. Conclusion

This case cannot be removed to this Court under either the federal question or federal officer removal statutes. Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Remand [Doc. # 13] is GRANTED.

                                               s/ NANETTE K. LAUGHREY
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated: November 15, 2010
Jefferson City, Missouri